STOCKSDALE, Supervisor of Election, *v.* UNITED STATES.

BECKMAN, Special Deputy-Marshal, *v.* SAME.

*(District Court, D. Maryland.* June 17, 1889.)

1. ELECTION—SUPERVISOR—COMPENSATION—UNITED STATES MARSHAL.
   The attorney general, by authority from the president, prior to the appointment of the plaintiffs, the one as supervisor and the other as special deputy-marshal, notified them that they would be paid for only four days' attendance upon the registration and one day at the polls on the day of election for representatives in congress. The registration offices were required by the state law to be open for two days in May, June, July, September, and October, making 10 days in all; and under the act of congress it was the duty of both the supervisor and the special deputy marshal to be present on duty at the offices of registration, and at the election polls, and they did so attend.

*Held*, that the act of congress prescribed the duties of and the compensation of both the supervisor and the special deputy-marshal, and that, having in the performance of that duty been required to actually serve more than 10 days, they were entitled to the full compensation prescribed by the act of congress.

**2. SAME.**

*Held*, that there could be no implied contract by which the appointee undertook to perform less than the whole duty, and to receive less than the full pay enacted by congress.

(*Syllabus by the Court.*)

At Law.   Actions for fees as officers of election.

*H. Arthur Stump*, for petitioners.

*Thomas G. Hayes*, U. S. Dist. Atty.

MORRIS, J.   The case of Supervisor Stocksdale is identical with the case of *Scholfield* v. *U. S.*, reported 32 Fed Rep. 576, except that Stocksdale had notice from the attorney general prior to his appointment as supervisor of election that the department of justice was authorized, under executive order of 5th November, 1886, to pay each employé only for the days served, not exceeding five in number, at five dollars per day. With full knowledge that this notice had been issued with reference to his compensation the petitioner, Stocksdale, accepted his appointment as supervisor under section 2012, was sworn in, and performed 11 days of necessary and proper service; consisting of 10 days' attendance at the sittings of the state registers of voters directed by the laws of Maryland to be held in the city of Baltimore in the months of May, June, July, September, and October in the year 1888, and attending at the polls on November 6, 1888, the day of election.   He has been paid $25 for five days' service, and it is urged that his acceptance of the appointment with the above-mentioned notice precludes him from demanding any greater compensation.

The petitioner Stocksdale was appointed by the court, and his duties are prescribed by the act of congress.   By section 2016 he was authorized and required to attend at all times and places fixed for the registration of voters, and at all times and places for holding elections.   By section 5521, a supervisor of election or a special deputy-marshal, who, having taken the oath of office, "neglects or refuses to perform and discharge fully the duties, obligations, and requirements of such office until the expiration of the term for which he was appointed," is declared punishable by fine and imprisonment.   The Maryland law required the register of voters to sit with open doors from 10 o'clock A. M. to 10 o'clock P. M. on the 10 days during the months preceding the election for representatives in congress for which the petitioner claims compensation, and the act of congress explicitly obliged him to be present on those days and on the day of election, and the act of congress with equal explicitness fixes his compensation, and by section 2031 enacts that he shall be paid five dollars per day for each day he is actually on duty, not exceeding 10 days.   Congress having thus in explicit terms fixed the duties and the compensation of the petitioner, I cannot see how

any order of the president or of the attorney general, whether issued before or after his appointment, could compel the petitioner to do less than his whole duty, or to accept less than his whole compensation.

The case of *Frank Beckman* v. *U. S.* is similar in all respects, except that he was a special deputy-marshal instead of a supervisor. The special deputy-marshals are not, like the supervisors, appointed by the court, but are appointed by the marshal of the district, and by section 362 it is enacted that the attorney general shall exercise general superintendence over the attorneys and marshals of all the districts in the United States as to the manner of discharging their respectve duties. It is contended that this power and duty of superintendence over the marshals gave the attorney general authority to declare that the special deputies should be paid only for four days' attendance upon the registration. But it was impossible for the special deputy-marshals in Baltimore city to perform the duties which congress had required of them in less than 10 days. Section 2021 makes it the duty of the special deputy-marshals to attend each election district or voting precinct, at the times and places where and when the registration may by law be scrutinized, and the names of registered voters marked for challenge, and also to attend at all times for holding elections; and he, like the supervisor, is punishable by fine and imprisonment, if he neglects to fully perform his duties. Special Deputy-Marshal Beckman, the petitioner, could not possibly have performed the duties imposed on him by congress except by actually serving 11 days. Congress has enacted that his compensation shall be five dollars a day for each day actually on duty, not exceeding 10. I am at a loss to see how the authority to exercise general superintendence and direction over the manner of discharging his duties could confer authority to compel the petitioner to do in four days what could not by any diligence on his part be done in less than ten days, or to deprive him of the compensation which congress explicitly says shall be paid to him.

It is urged that the acceptance of the appointment from the marshal, with notice from him that the compensation would be only $25, created a contract between the special deputy-marshal and the United States, by which the petitioner agreed to accept $25 for the service to be rendered. It is not true, however, either in fact or in law, that the petitioner made a contract, or that any one had authority on behalf of the United States to contract with him. He did not make a contract; he accepted an office, and took an oath to perform the duties appertaining to it. Congress had prescribed those duties, and had fixed his compensation for performing them. Having performed the duties, he is under the law entitled to the compensation.